# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

EVELYN F. FLETCHER                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:16cv792-TSL-RHW

CEO WENDY SPENCER, *et al.*                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court *sua sponte*, following review of the pleadings on file. *Pro se* plaintiff Evelyn F. Fletcher filed this employment discrimination action October 11, 2016, along with a request that she be allowed to proceed without prepayment of the filing fee. [1], [2] The Court granted Fletcher leave to proceed *in forma pauperis* (IFP) by Order entered on October 26, 2016. [6] Under the Rules, summons was to be issued and served on Defendant within 90 days after the filing of the complaint. FED.R.CIV.P. 4(m). However, the docket reflects no activity in the case over the next five months. Counting from the date Fletcher was granted leave to proceed IFP, the 90 days for service of process expired January 24, 2017.

On April 20, 2017, the Court entered order [8] requiring Fletcher to show cause why the case should not be dismissed for failure to have process issued for service as required by the Rules. The Court's order plainly advised Fletcher that under *L.U.Civ.R.* 4(a) it was her responsibility to prepare the summons to be served on each defendant and to present it to the clerk of court to be issued; that "even *pro se* plaintiffs proceeding IFP are responsible for providing the information necessary for the issuance and service of process." The Show Cause order warned Plaintiff that **"failure to respond as ordered by May 8, 2017 may result in dismissal of this action."** (emphasis in original)

On May 8, 2017, the Clerk filed Fletcher's response to the Show Cause order. Most of the response recounts Fletcher's efforts to secure counsel, but she also states the Clerk told her when she filed her complaint that she "would be informed whether or not the court would serve the documents." Fletcher concluded the response with a request for "additional time to prepare and serve Defendant Spencer." [9]

After another two weeks passed with no request for issuance of process, the Court entered a **"FINAL ORDER RE: SERVICE OF SUMMONS AND COMPLAINT"** (emphasis in original) on May 24, 2017. [10] In this order, the Court reiterated it was Plaintiff's duty to prepare the summons and present same to the Clerk to be issued, and that the Court would require the United States Marshal Service (USMS) to serve the summons and complaint. The Court required the clerk to include summons forms with the copy of the order mailed to Fletcher. The order stated the summons forms were "to be completed by Plaintiff and returned to the Clerk no later than June 12, 2017." The order further instructed that, upon receipt of the completed summons(es) from Plaintiff, the Clerk was to issue process and deliver each summons with a copy of the complaint to the USMS for service on Defendant(s). Order [10] again warned Plaintiff that, "**failure to comply with this order may result in dismissal of her lawsuit without further notice.**" (emphasis in original) The docket reflects no activity in the case since the entry of Order [10]. Despite the Court's twice warning Plaintiff her case could be dismissed for failing to have summons issued, and providing Plaintiff the summons forms to be completed and presented to the Clerk, the docket reflects that Plaintiff has never requested issuance of any summons nor taken any action to prosecute this case.

Federal Rule of Civil Procedure 41(b) states, "if a plaintiff fails to prosecute or to comply with these Rules, or a court order, a defendant may move to dismiss the action or any claim

against it." Furthermore, the Court may *sua sponte* dismiss an action or claim under Rule 41(b). *See Hickerson v. Christian*, 283 F.App'x 251, 253 (5th Cir. 2008); *see also Fox v. Mississippi*, 551 F.App'x 772, 775 (5th Cir. 2014).

## RECOMMENDATION

Based on the foregoing, the undersigned is of the opinion that Plaintiff has failed to prosecute her case, and has failed to comply with the Rules governing the case, as well as the Court's April 20, 2017 and May 24, 2017 Orders. Accordingly, the undersigned recommends that Plaintiff's cause of action be dismissed without prejudice for failure to have process issued for service upon the defendant(s) as required by FED.R.CIV.P. 4.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which she objects; the District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which she did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 19th day of June, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE